

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TOWER CREDIT, INC.

VERSUS

NICHOLAS W. GAUTHIER and
JENNIFER F. GAUTHIER

CIVIL ACTION

NO. 08-609-JVP-DLD

## RULING ON APPEAL

This matter is before the court, pursuant to 28 U.S.C. § 158(a), on an appeal by Tower Credit, Inc. ("Tower Credit") of United States Bankruptcy Judge Douglas D. Dodd's order dismissing defendant/appellee, Jennifer F. Gauthier from an adversary proceeding in the United States Bankruptcy Court for the Middle District of Louisiana (Case No. 08-10350). The issue presented on appeal is whether the bankruptcy court erred in dismissing Mrs. Gauthier pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where, according to the complaint, the acts giving rise to the claim were allegedly committed by her husband alone. Jurisdiction is based upon 28 U.S.C. § 158.

After careful consideration of the briefs, the record, and the applicable law, the court affirms the ruling of the bankruptcy court that the debt, as to Jennifer Gauthier, is dischargeable in bankruptcy.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2008, defendants, Jennifer and Nicholas Gauthier, filed for

1

Chapter 13 bankruptcy relief. The bankruptcy documents listed plaintiff/appellant, Tower Credit, as a creditor. On April 29, 2008, Tower Credit filed a complaint objecting to the dischargeability of the debt owed Tower Credit by Nicholas Gauthier. The complaint listed Nicholas Gauthier and Jennifer Gauthier, husband and wife, as defendants. According to the complaint, Nicholas Gauthier, on March 13, 2006, applied for a loan from Tower Credit, Inc. and misrepresented his income (original complaint, ¶ 4). The complaint also alleges that he concealed existing debts (*id.* at ¶¶ 5-6).

Tower Credit, Inc. alleges that it issued a loan to Nicholas Gauthier in reliance on the incorrect income statement, and that it holds a note executed by Nicholas Gauthier on March 13, 2006, memorializing the loan (original complaint, ¶¶ 3, 6). Tower Credit therefore seeks, pursuant to 11 U.S.C. § 1328,[1] to prevent discharge

---

[1] 11 U.S.C. § 1328 provides that:

> Subject to subsection (d), at any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if- -
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
> (3) modification of the plan under section 1329 is not practicable.

11 U.S.C. § 1328(b).

2

of the debt that it alleges was obtained by use of "false pretenses, false representations, and actual fraud through the use of materially false written statements representing Nicholas W. Gauthier's financial condition." (*Id.* at 8, *citing* 11 U.S.C. § 523(a)(2)(A) and (B)).[2]

Defendants/appellees, Jennifer Gauthier and Nicholas Gauthier, moved to dismiss Mrs. Gauthier for failure to state a claim. The bankruptcy court, on August 5, 2008, after a hearing on the issue, dismissed Mrs. Gauthier pursuant to Rule 12(b)(6) of the Federal Rules of Civl Procedure. Appellant, Tower Credit, Inc. now appeals that dismissal.

## LAW AND DISCUSSION

In a bankruptcy appeal, a district court reviews the bankruptcy court ruling under the same standards employed by federal courts of appeal, and the bankruptcy

---

[2]11 U.S.C. § 523 provides in pertinent part:
   A discharge under section . . . 1328(b) of this title does not
   discharge an individual debtor from any debt - -
                           * * *
       (2) for money, property, services, or an extension, renewal,
   or refinancing of credit, to the extent obtained by - -
           (A) false pretenses, a false representation, or actual
           fraud, other than a statement respecting the debtor's
           or an insider's financial condition;
           (B) use of a statement in writing- -
               (i) that is materially false;
               (ii) respecting the debtor's or an insider's
               financial condition;
               (iii) on which the creditor to whom the debtor
               is liable for such money, property, services,
               or credit reasonably relied; and
               (iv) that the debtor caused to be made or
               published with intent to deceive . . .
11 U.S.C. § 523(a)(2).

court's conclusions of law are, therefore, reviewed *de novo*. See *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003); *Gamble v. Gamble (In re Gamble)*, 143 F.3d 223, 225 (5th Cir. 1998). In determining whether a plaintiff has stated a claim sufficient to avoid dismissal under Rule 12(b)(6), the well-pleaded facts alleged in her complaint are accepted as true and the allegations are construed in the light most favorable to her. *Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230 (5th Cir. 2007); *Milofsky v. American Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005) *cert. denied,* 543 U.S. 1022, 125 S.Ct. 672, 160 L.Ed.2d 498 (2004). The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Nevertheless, the court does not accept as true conclusory allegations, unwarranted factual inferences or legal conclusions. *Central Laborer's Pension Fund. v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007). A complaint warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (emphasis in original).

The complaint alleges no fraud on the part of Mrs. Gauthier, but instead, seeks to impute to her the fraud committed by her husband prior to their marriage. As the bankruptcy court noted, the controlling decision on this issue is *In re Allison*, 960 F.2d 281 (5th Cir. 1992), in which the court found no basis to impute a husband's

fraud to his wife in the absence of any evidence linking her to the business or fraudulent acts giving rise to the claim.

## CONCLUSION

Accordingly, after *de novo* review, the court, for the reasons stated by United States Bankruptcy Judge Douglas D. Dodd at the August 1, 2008 hearing on the motion to dismiss (Transcript, doc. 13), affirms the ruling that the debt as to Jennifer F. Gauthier is dischargeable in bankruptcy.

Baton Rouge, Louisiana, May //, 2009.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA